```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CHRISTOPHER CUTTS,                     )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )
                                       )
EX-COMMISSIONER KATHLEEN M.            )   CIVIL ACTION NO.
DENNEHY, DEPUTY COMMISSIONER           )   09-10902-DPW
JAMES R. BENDER, UMASS MEDICAL         )
SCHOOL, UMASS CORRECTIONAL             )
HEALTH, CARE REVIEW COMMITTEE          )
(CRC), CARL SINGLETARY, M.D., C.F.     )
SHIPMAN, M.D., DR. GAISWAL,            )
NICCHOLES J. RENCRICCA, M.D.           )
ROSE MARIE SPOULDING, FNP, BERNIE      )
JONES, FNP AND STANLEY GALAS, NP       )
                                       )
      Defendants.                      )
                                       )
```

ORDER
March 30, 2010

I. INTRODUCTION

The plaintiff, an inmate in the Massachusetts prison system, brings this action complaining of inadequate medical treatment. The named defendants are two instrumentalities of the Commonwealth of Massachusetts, several sometime prison administrators and certain medical professionals. Before me are three motions to dismiss and assorted other motions.

II. DISCUSSION

A.  <u>Motion to Dismiss filed by University of Massachusetts Medical School and University of Massachusetts Correctional Health</u>

The defendants University of Massachusetts Medical School and University of Massachusetts Correctional Health (which I read to include one of its self-contained entities, its Care Review Committee, separately but redundantly named a defendant in this action) are immune from suit under the Eleventh Amendment as arms of the state. *See generally Fresenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp.*, 322 F.3d 56 (1st Cir. 2003) *cert. denied Puerto Rico v. Fresenius Medical Care Cardiovascular Resources, Corp*, 540 U.S. 878 (2003); *Wojcik v. Massachusetts State Lottery Com'n*, 300 F.3d 92 (1st Cir. 2002). It is well settled among judges of this court that the University of Massachusetts, its Medical School and the programs of its Medical School are agencies of the Commonwealth. *See, e.g., Shocrylas v. Worcester State College*, 2007 WL 3332818 *4 n.4 (D. Mass. 2007); *Orell v. UMass Memorial Medical Center, Inc.*, 203 F. Supp 2d 52, 60 (D. Mass. 2002); *Ali v. University Of Mass. Medical Center*, 140 F. Supp. 2d 107, 110 (D. Mass. 2001); *see also Neo Gen Screening, Inc. v. New England Newborn Screening Program*, 187 F.3d 24, 27 (1st Cir. 1999) (treating District Court's conclusion that University of Massachusetts and one of its Medical School's programs are

covered by the Eleventh Amendment as undisputed and "at least colorable and certainly not plain error"). I find no reason to depart from this settled consensus and therefore will grant defendants' Motion to Dismiss (Docket No. 21) against the University of Massachusetts Medical School and University of Massachusetts Correctional Health (and its Care Review Committee), which are agencies of the Commonwealth of Massachusetts, judgments against which would be paid from the state's treasury in contravention of the Eleventh Amendment.

> B.  <u>Motion for Summary Judgment or Dismissal filed by James Bender, and the Motion to Strike Plaintiff's Opposition to Motion to Dismiss for Failure to Serve</u>

I will also dismiss the claims against defendant Bender on the merits. I can find no acts or omissions by Bender either individually, or in some supervisory capacity, alleged in the plaintiff's complaint, which could give rise to even the palest of colorable claims. Moreover, it appears that plaintiff has failed to exhaust all available administrative remedies for actions by Bender, as plaintiff is required to do under the Prison Litigation Reform Act, 42 U.S.C. § 1997e and Mass. Gen. L. 127 §§ 38E-38H. I can find no grievances fully exhausted at the administrative level which could support any claims against Bender; consequently plaintiff has failed to state a claim upon which relief may be granted. Accordingly, defendant Bender's Motion for Summary Judgment and/or for Dismissal (Docket No. 30) will be granted.

    C.    <u>Motion to Dismiss for Failure to Serve, filed by defendants Gaiswal, Jones, Shipman, Singletary; and Failure to Effect Proper Service on defendant Dennehy</u>

A review of the record indicates that plaintiff has been given ample opportunity to effect service of process on the defendants Gaiswal (sic),[1] Jones, Shipman, Singletary and Dennehy, but has apparently failed to give adequate instructions to the United States Marshals to serve process successfully. After the defendants Jones, Singletary, Shipman and Jaiswal filed a motion to dismiss on October 14, 2009 for failure to serve them within 120 days as required by Fed. R. Civ. P. 4(m), *see also* D. Mass. LR 4.1, plaintiff opposed the motion on the grounds that he had sent additional service of process forms to the United States Marshals Service.  Shortly thereafter, summonses were returned unexecuted as to the defendants Dennehy, Shipman and Singletary and returns of service have not been returned at all as to the defendants Jones and Jaiswal.  More than 120 additional days have passed since the unexecuted returns were received by the court on November 10, 2009.  The plaintiff is plainly aware of this because he has, at his successive requests, been sent two copies of the docket sheets since then.

In view of the failure to effect timely and proper service, I will grant the defendants Jones, Singletary, Shipman, and

---

[1] It appears that plaintiff has misspelled the last name of Dr. Gurvinder Jaiswal in his complaint.  In the remainder of this Memorandum, I will use the defendant's last name as the defendant spells it in his motion to dismiss to identify him.

Jaiswal's Motion to Dismiss (Docket No. 39), and will also direct dismissal, *sua sponte*, as to defendant Dennehy for failure to effect timely service of process.

    D.    <u>Plaintiff's Motion for Appointment of Counsel</u>

The plaintiff seeks the appointment of counsel to pursue this action.  Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).[2]  However, a civil plaintiff lacks a constitutional right to free counsel.  *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *Id.*  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  *Id.* at 24.

While the nature of the claims (medical malpractice/ deliberate indifference to medical needs) can involve complex

---

[2] In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept an appointment voluntarily.  *cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

issues of law and/or fact, that alone is not sufficient to justify appointment of counsel in this case.  A review of the record indicates that plaintiff is proficient in the English language and has a familiarity with various legal and medical terms, concepts, and proceedings.  There is no market based impediment to the plaintiff's own retention of private counsel.  This is particularly common in the medical malpractice/deliberate indifference to medical needs context where the customary form of engagement for cases of arguable merit is by contingent fee, and as to constitutional violations, the right to attorney's fees is available to prevailing parties.  To be sure, the screening process by private attorneys for such matters serves to filter out unpromising cases.  A court should be reluctant to tamper with this market mechanism for screening cases by independently assigning counsel.  Here, a review of the allegations in the complaint suggests little promise that an actionable claim or claims can be established by plaintiff against any of the remaining defendants (Rencricca, Spoulding, and Galas).  In light of these factors, I cannot find that exceptional circumstances exist to warrant appointment of counsel and the expenditure of the scarce *pro bono* resources of the court in doing so.

Accordingly, plaintiff's Motion for Appointment of Counsel, (presented as a Motion to Reconsider Appointment of Counsel) (Docket No. 29) will be denied.  In light of this determination, plaintiff's Motion for Ruling on Plaintiff's Request for

Appointment of Counsel and Other Plaintiff's Pending Motions (Docket No. 48) will be denied as moot.

### III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The Motion to Dismiss (Docket No. 21), filed by Defendants' University of Massachusetts Medical School and University of Massachusetts Correctional Health (including its Care Review Committee) is ALLOWED. All claims against these defendants are DISMISSED;

2. The Motion for Summary Judgment or Dismissal (Docket No. 30), filed by defendant Bender is ALLOWED. All claims against this defendant are DISMISSED;

3. The Motion to Strike Plaintiff's Opposition to Motion to Dismiss for Failure to Serve (Docket No. 42) filed by defendant Bender is DENIED;

4. The Motion to Dismiss for Failure to Serve (Docket No. 39), filed by defendants Jaiswal, Jones, Shipman, and Singletary is ALLOWED. All claims against these defendants are DISMISSED;

5. The claims against defendant Dennehy are DISMISSED *sua sponte* for failure to effect timely service;

6. Plaintiff's renewed Motion for Appointment of Counsel (filed as a Motion for Reconsideration)(Docket No. 29) is DENIED;

7. Plaintiff's Motion for Ruling on Plaintiff's Request for Appointment of Counsel and Other Plaintiff Pending Motions (Docket NO. 48) is DENIED as moot; and

8. The remaining defendants, Rencricca, Spoulding and Galas, shall submit on or before April 15, 2010, jointly with plaintiff if possible, otherwise separately, a proposed scheduling order to bring this matter to disposition.

SO ORDERED.

                                                */s/ Douglas P. Woodlock*
                                                DOUGLAS P. WOODLOCK
                                                UNITED STATES DISTRICT JUDGE